United States District Court
Southern District of Texas
Houston Division

| | |
|---|---|
| Quesos La Ricura, Ltd..,<br>a New York Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>Mama Lycha Foods, Inc.<br>a Texas Corporation,<br><br>*Defendant*. | Civil Action No.: _____<br><br>Jury Trial Demanded |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
(INJUNCTIVE RELIEF REQUESTED)

Plaintiff Quesos La Ricura, Ltd. ("Plaintiff" or "Quesos La Ricura"), by and through undersigned counsel, sues Defendant Mama Lycha Foods Import LLC ("Defendant"), and states as follows:

## I.   THE PARTIES

1. Plaintiff is a corporation of the state of New York with a principal place of business at 225 Park Avenue, Hicksville, New York 11802.

2. Upon information and belief, Defendant Mama Lycha Foods, Inc. ("Defendant" or "Mama Lycha") is a Texas Corporation with its principal address 4422 West 12th St., Houston, TX 77055.

3. Plaintiff manufactures, markets, and sells cheeses, creams, and various dairy products to distributers that supply supermarkets and bodegas selling these food products to the Latino communities and to the general public generally throughout the United States, and particularly in the South Texas and greater Houston region.

4.      Upon information and belief, Defendant manufactures, markets and sells, among other things, cheeses, creams and various dairy and food products to the Latino communities and to the general public in the South Texas, and the greater Houston region.

## II.     NATURE OF ACTION AND JURISDICTION

5.      This is an action for trademark infringement and unfair competition arising under the Federal Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. §§ 1051 et seq., 1114, 1125(a) and related state statutes and the common law.

6.      As set forth more fully in this Complaint, Plaintiff is the owner of the following valid and subsisting United States trademark registrations for the QUESO SECO FRIJOLERO OLANCHO trademarks for Cheese and Cream. ("Plaintiff's Marks" or "Plaintiff's Registered Trademarks"):

| Mark | U.S. Reg. No. | Reg. Date | Goods / Services |
|---|---|---|---|
| QUESO SECO FRIJOLERO | 4,287,797 | February 12, 2013 | Cheese, namely hard cheese. |
| OLANCHO | 3,324,148 | October 30, 2007 | Fresh cheese. |
| OLANCHO | 3,649,789 | July 7, 2009 | Dairy products, namely, hard cheese and cream. |
| OLANCHO | 4,063,817 | November 29, 2011 | Cheese; ricotta cheese |

A copy of these registrations from the electronic database records of the USPTO are annexed as Exhibits "A and B".

7. Plaintiff's Marks are distinctive, and the purchasing public equates Plaintiff's Marks with Plaintiff's high quality cheese and cream products.

8. Defendant is offering for sale nearly identical cheese products using substantially the same mark as Quesos La Ricura's distinctive QUESO SECO FRIJOLERO and OLANCHO trademarks.

9. Defendant's marks, QUESO FRIJOLERO, QUESO OLANCHANO and CREMA OLANCHNA are blatant infringements of Plaintiff's Registered Trademarks, and are likely to confuse the purchasing public regarding the source and sponsorship of Defendant's food products.

10. On information and belief, Defendant's infringing acts have occurred in the South Texas, and particularly in the greater Houston region of the State of Texas and elsewhere in interstate commerce.

11. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367, as well as the Pendent and Ancillary jurisdiction of the Court.

12. Venue is proper under 28 U.S.C. §§ 1391(b) and (c).

### III. UNDERLYING FACTUAL ALLEGATIONS - PLAINTIFF'S TRADEMARKS

13. Through its factory in New York and via independent distributors, including distributors located in South Texas and throughout the United States, Plaintiff, Quesos La Ricura, Ltd. sells and distributes a variety of dairy products, including its renowned cheeses and creams, to the large Texas Latino market, and the greater Houston region.

14. Since as early as November 1991, Plaintiff has been promoting and selling its QUESOS LA RICURA brand Cheese and Dairy in commerce thought the United States.

15. Plaintiff has extensively advertised and promoted its QUESOS LA RICURA brand of Cheese products to the Latino market generally throughout the United States and to the Latino market in South Texas and the greater Houston region in particular. Plaintiff's sales of the QUESOS LA RICURA Cheese products have been extensive.

16. Plaintiff's QUESOS LA RICURA brand is distinctive and Plaintiff's extensive sales and marketing have created an association and secondary meaning in the minds of the purchasing public associating the QUESOS LA RICURA brand with Plaintiff, as a source of high quality Cheeses, Creams and related dairy goods.

17. As a result of Plaintiff's extensive sales, advertising and promotional efforts, the QUESOS LA RICURA brand Cheese products have acquired further distinctiveness and has come to be associated with high quality Cheese and Dairy goods originating from Plaintiff.

B.   Plaintiff's Registered QUESO SECO FRIJOLERO Trademark

18. Plaintiff has registered its QUESO SECO FRIJOLERO trademark for Cheese, namely hard cheese, which issued as US Registration number 4,287,797.  See Exhibit A.

19. Plaintiff sells its QUESO SECO FRIJOLERO branded cheese in a plastic clamshell packaging with a label prominently displaying the branded cheese in a plastic clamshell packaging with a label prominently displaying the QUESO SECO FRIJOLERO mark on the top of the label on a light blue background that that transitions in color from white to a darker blue shade and a darker blue edge and 2 small cows (collectively, the "QUESO SECO FRIJOLERO Trade Dress"). A photograph of Plaintiff's QUESO SECO FRIJOLERO cheese product, illustrating the QUESO SECO FRIJOLERO Trade Dress is attached as part of Exhibit C.

20. Plaintiff has used its registered QUESO SECO FRIJOLERO trademark in interstate commerce since March 3, 2008, and the QUESO SECO FRIJOLERO trademark has become associated by the purchasing public with Plaintiff's cheese products.

21. Plaintiff has extensively advertised and promoted its goods under the QUESO SECO FRIJOLERO trademark to the Latino market generally throughout the United States and to the Latino market in South Texas and the greater Houston region, in particular.

22. Plaintiff's sales of goods under the QUESO SECO FRIJOLERO mark have been extensive.

23. Plaintiff's extensive sales and marketing of cheese products under the QUESO SECO FRIJOLERO mark and Trade Dress have created an association and secondary meaning in the minds of the purchasing public associating the QUESO SECO FRIJOLERO mark and Trade Dress with Plaintiff, as a source of cheese products.

C. Plaintiff's Registered OLANCHO Trademarks

24. Since as early as May 2003, Plaintiff has used the trademark OLANCHO in connection with its Cheese and Cream products.

25. Plaintiff's registered its OLANCHO trademarks marks in the United States Patent and Trademark Office, U.S. Registration numbers 3,324,148, 3,649,789 and 4,063,817, which have been maintained, and have become incontestable. See Exhibit B.

26. Plaintiff sells its OLANCHO branded creams in a white soft plastic bag packaging with a label prominently displaying the words Crema Hondurena in white lettering and the OLANCHO mark in large red block lettering on a white and blue background (collectively, the "OLANCHO Crema Trade Dress"). Photographic images of Plaintiff's

OLANCHO cream products, illustrating the OLANCHO Crema Trade Dress is attached as part of Exhibit D.

27. Plaintiff sells its OLANCHO branded cheeses in a clear plastic packaging with a label prominently displaying the OLANCHO mark in large block lettering on a white and blue background with Honduran flags (collectively, the "OLANCHO Queso Trade Dress"). Photographic images of Plaintiff's OLANCHO cheese products, illustrating the OLANCHO Queso Trade Dress is attached as part of Exhibit D.

28. Plaintiff has extensively advertised and promoted its goods under the OLANCHO trademark to the Latino market generally throughout the United States and to the Latino market in South Texas and the greater Houston region, in particular.

29. Plaintiff's sales of goods under the OLANCHO mark have been extensive.

30. Plaintiff's OLANCHO mark and OLANCHO Trade Dress are inherently distinctive and Plaintiff's extensive sales and marketing have created an association and secondary meaning in the minds of the purchasing public associating the OLANCHO mark and Trade Dress with Plaintiff, as a source of high quality Fresh Cheese, Hard Cheese and Cream products.

31. Upon information and belief, as a result of Plaintiff's extensive sales, advertising and promotional efforts, the OLANCHO trademark and Trade Dress have acquired further distinctiveness and have come to be associated in the minds of the purchasing public with high quality goods originating from Plaintiff.

D. <u>Defendant's Infringing Marks,</u>

32. Defendant has been using the mark QUESO FRIJOLERO, Crema OLANCHANA and QUESO OLANCHANO in connection with sales of its cheese and cream products to members of the Latin American community in Greater Houston and Southern Texas regions in supermarkets, stores and bodegas.

33. Defendant copied Plaintiff's valuable mark, and also copied Plaintiff's unique Trade Dress of the QUESO SECO FRIJOLERO and OLANCHO Cheese and Cream products. Images of Defendant's infringing Cheese and Cream products are attached as Exhibit "E".

34. Specifically Defendant sells its QUESO FRIJOLERO infringing cheese products in a plastic clamshell packaging with a label prominently displaying the cheese in a plastic clamshell packaging with a label prominently displaying the infringing QUESO FRIJOLERO mark near the top of the label on a light blue background that that transitions in color from almost white to a darker blue shade and a darker blue edge and 2 small cows that appear to be standing on the label.

35. Like Plaintiff, Defendant sells its Crema OLANCHANA product in a white soft plastic bag packaging with a label prominently displaying the words Crema OLANCHANA in white lettering on a blue background with the stars symbolizing the Honduran flag on the top of the label.

36. Similarly, Defendant sells its QUESO OLANCHANO in clear soft plastic packaging with a label prominently displaying the mark QUESO OLNCHANO on a dark blue background with the stars symbolizing the Honduran flag on the top of the label.

37. Defendant is offering for sale nearly identical cheese and cream products using substantially the same marks as Quesos La Ricura's distinctive QUESO SECO FRIJOLERO and OLANCHO trademarks.

38. Defendant's marks, QUESO FRIJOLERO, Crema OLANCHANA and QUESO OLANCHANO are a blatant infringements of Plaintiff's Registered Marks, and is likely to confuse the purchasing public regarding the source and sponsorship of Defendant's cheese and cream products.

39. Defendant has been selling its infringing products to many of the same supermarkets, stores and bodegas in which Plaintiff's cheese, cream and other dairy products are sold.

40. Accordingly, Defendant's use of an infringing Marks and Trade Dress are likely to create confusion with Quesos La Ricura's distinctive QUESO SECO FRIJOLERO and OLANCHO trademarks and Trade Dress, as to the source or sponsorship of Defendant's products, particularly because Defendant's cheese and cream products are sold in the same supermarkets, shops and bodegas and to the same Latino community as Plaintiff's cheese and cream products, and often are placed in close proximity to each other on the store shelves.

41. Plaintiff's marketing and development of its cheese, cream and dairy business relies on the valuable reputation and goodwill that its marks and trade dress have earned and are associated with in the minds of the purchasing public, and as such, Defendant's infringing products will cause confusion in the marketplace, and irreparable harm to Plaintiff's valuable reputation and goodwill.

42. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I

**Trademark Infringement under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a)**

43. Plaintiff repeats the allegations set forth in paragraphs 1 – 42 as if set forth here in full.

44. Defendant's sales and marketing of its infringing cheese and cream products using the marks QUESO FRIJOLERO, Crema OLANCHANA, and QUESO OLANCHANO, as described above and shown in Exhibit E, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's products, services and commercial activities, and thus constitute trademark infringement of Plaintiff's federally registered marks described above and shown in Exhibits A and B.

45. Defendant's acts complained of in this Complaint constitute trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

46. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been purposeful, willful and/or knowing.

47. Defendant had knowledge of the infringing nature of Defendant's Mark.

48. As a direct and proximate result of the actions of Defendant alleged above, Plaintiff has been damaged, will continue to be damaged, and such damage is continuing and irreparable.

## COUNT II

## Trademark Infringement, False Designation of Origin, and Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

49. Plaintiff repeats the allegations set forth in paragraphs 1 –48 as if set forth here in full.

50. Defendant's unlawful use of the confusingly similar QUESO FRIJOLERO, Crema OLANCHANA and QUESO OLANCHANO trademarks and Trade Dress in selling its cheese and cream products is likely to cause confusion, mistake and deception in the minds of the purchasing public and/or create the misleading impression that Defendant's products are manufactured by, endorsed by, or in some way associated with Plaintiff.

51. Defendant's unlawful use of its infringing QUESO FRIJOLERO, Crema OLANCHANA and QUESO OLANCHANO trademarks and Trade Dress in selling its cheese and cream products constitutes the use in commerce of false designations of origin and false descriptions or representations, tending to falsely describe and/or represent Defendant's goods as those of Plaintiff, or equivalent to Plaintiff's goods.

52. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful and/or knowing.  As a direct and proximate result of the actions of Defendant alleged above, Plaintiff has been damaged, will continue to be damaged, and such damage is continuing and irreparable.

## COUNT III

**Texas Common Law Unfair Competition**

53. Plaintiff repeats the allegations set forth in paragraphs 1 –52 as if set forth here in full.

54. Since at least March 2008, Plaintiff has used the QUESO SECO FRIJOLERO Trademark and Trade Dress to distinguish its products, including Cheese, namely hard cheese, from those of its competitors and expanded its sales and marketing activities to the State of Texas, and to the greater Houston region.

55. Since at least May 2003, Plaintiff has used the OLANCHO Trademark and Trade Dress to distinguish its products, including Cheese and Cream, from those of its competitors and expanded its sales and marketing activities to the State of Texas, and to the greater Houston region.

56. Defendant's use of the infringing QUESO FRIJOLERO trademark and trade dress in the State of Texas, and the greater Houston region is calculated to, likely to, and does in fact confuse and deceive consumers about the origin of Defendants' goods.

57. Defendant's use of the infringing Crema OLANCHANA trademark and trade dress in the State of Texas, and the greater Houston region is calculated to, likely to, and does in fact confuse and deceive consumers about the origin of Defendants' goods.

58. Defendant's use of the infringing QUESO OLANCHANO trademark and trade dress in the State of Texas, and the greater Houston region is calculated to, likely to, and does in fact confuse and deceive consumers about the origin of Defendants' goods.

59. The foregoing conduct of Defendant constitutes the infringement and misappropriation of Plaintiff's common law rights in the QUESO SECO FRIJOLERO Trademark and Trade Dress in violation of the common law of the State of Texas.

60. The foregoing conduct of Defendant constitutes the infringement and misappropriation of Plaintiff's common law rights in the OLANCHO Trademark and Trade Dress in violation of the common law of the State of Texas.

61. Defendant's conduct has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

62. Plaintiff has no adequate remedy at law.

## COUNT IV

**Violation of Texas' Deceptive Advertising Statute, Texas Business & Commerce Code § 17.12**

63. Plaintiff repeats the allegations set forth in paragraphs 1 – 62 as if set forth here in full.

64. Defendant's actions, as described above, constitute deceptive advertising in violation of Tex. Bus. Com. Code § 17.12.

65. Defendant, by utilizing Plaintiff's proprietary mark, made a misrepresentation of a material fact to the public at large both directly and by application of Tex. Bus. Com. Code §17.12(c).

66. Defendant knew or should have known that by utilizing Plaintiff's Trademark and Trade Dress that Defendant has made and is making false and misleading statements intended to confuse or to induce the public at large into making purchasing decisions.

67. Defendant has no written authority of Plaintiff to use its name or Plaintiff's proprietary marks, in direct violation of Tex. Bus. Com. Code §17.12(b).

68. Defendant's use of Plaintiff's Trademark and Trade Dress was made with the intent or purpose, either directly or indirectly, of selling its goods. Plaintiff and Defendant are competitors. As a direct and proximate result of the actions of Defendant, as described above, Plaintiff has been damaged, will continue to be damaged, and such damage is continuing and irreparable. Defendant's use of Plaintiff's Trademarks and Trade Dress consequently violates Tex. Bus. Com. Code §17.12.

## **PRAYER**

WHEREFORE, Plaintiff requests that this Court enter an Order:

1. Preliminarily and permanently enjoining Defendant, its officers, agents, sales representatives, servants, employees, associates, distributors, attorneys or successors and assigns, and all persons acting by, though, under or in active concert or participation with it, from:

    A. Using in connection with the selling, offering for sale, advertising and/or promotion of goods, including without limitation cheese and cream, the trademarks QUESO FRIJOLERO, Crema OLANCHANA and QUESO OLANCHANO or any other colorable imitations of Plaintiff's mark(s); or

    B. Using in connection with the selling, offering for sale, advertising and/or promotion of goods, including without limitation cheese and cream, the QUESO FRIJOLERO, the OLANCHO Crema and the OLANCHO Queso Trade Dress or any other colorable imitations of Plaintiff's Trade Dress; or

    C. Engaging in any course of conduct likely to cause confusion, deception or mistake or injure Plaintiff's business reputation or harm Plaintiff's rights in the trademarks QUESO SECO FRIJOLERO and OLANCHO, appropriate the good will and reputation of Plaintiff's marks or lead to the passing off of Defendant's products as Plaintiff's QUESO SECO FRIJOLERO or OLANCHO cheese and cream products; or

2. Ordering Defendant to file with this Court and serve on Plaintiff's attorneys, thirty (30) days after the date of entry of any preliminary or permanent injunction, a report in

writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

3. Ordering Defendant to account and pay over to Plaintiff all profits realized by it for the sale of products bearing the QUESO FRIJOLERO, Crema OLANCHANA and QUESO OLANCHANO marsk and for all damages sustained by Plaintiff on account of the infringement, false designation and description, misappropriation and unfair competition set forth above and that said amounts be trebled, pursuant to 15 U.S.C. § 1117;

4. Awarding costs of this action and its disbursements and reasonable attorneys' fees incurred herein to Plaintiff, pursuant to 15 U.S.C. § 1117;

5. Ordering Defendant to offer up for destruction any and all infringing labels, packaging, unsold products, advertising and promotional or other materials within Defendant's possession and control;

6. Requiring Defendant to make a full report of its compliance with the foregoing within 30 days of judgment herein; and

7. Granting such other and further relief as the Court may deem to be just and proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a jury trial as to any and all issues triable as of right by jury.

DATED: June 15, 2016				Respectfully submitted,

						LAW OFFICES OF TRISTAN C. ROBINSON, PLLC


						*/s/*Tristan C. Robinson
						Tristan C. Robinson
						Texas Bar Number: 24085997

S.D. Tex. No. 2829694
Law Offices of Tristan C. Robinson, P.L.L.C.
1095 Evergreen Cir., Suite 200
The Woodlands, Texas 77380
tristan@tcrobinsonlaw.com

Telephone: +1 713 582 9539
Facsimile: +1 713 893 6940

*Attorneys for Plaintiff Quesos La Ricura, Ltd.*

**OF COUNSEL**
ALAN M. SACK
NY Bar Number: 1929538
Alan.Sack@SACK-IP.com
**S<span>ACK</span> IP L<span>AW</span> p.c.**
5 Penn Plaza
23rd Floor
NY, NY 10001
212.500.1310 – Telephone